# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ANGEL WALLS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 03-0186 (RMU) |
| | : | | |
| v. | : | | |
| | : | | |
| HENRY M. PAULSON, JR.,[1] Secretary Department of the Treasury, | : | | |
| | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

Neither the plaintiff nor her counsel appeared at the status conference held on June 23, 2008, and no motion was filed seeking to continue this matter. The Joint Status Report filed by the parties on June 17, 2008 evidences that the plaintiff failed to comply with the June 6, 2008 deadline set by the court for supplying verified interrogatory responses and supplemental information. Seventeen more days have now passed. These constitute only the most recent in a series of violations of the court's orders and constitute conduct worthy of sanction under Federal Rule of Civil Procedure 16(f). In addition, based on the totality of all the circumstances in this case, including the court's repeated and extended efforts to gain compliance with its orders and the Federal Rules of Civil Procedure as set forth in its May 27, 2008 memorandum opinion, the court concludes that the plaintiff has failed to prosecute this case diligently. In particular, the court notes that it has previously employed various sanctions listed in Rule 37(b)(2) by staying this matter for a lengthy period, excluding narrow categories of evidence not produced by the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), if a public officer named as a party to an action in his official capacity ceases to hold office, the court will automatically substitute that officer's successor.

plaintiff in response to the defendant's discovery requests and imposed sanctions on the plaintiff's counsel.

Moreover, the court specifically warned the plaintiff on page fourteen of its May 27, 2008 memorandum opinion that it would consider dismissing the case for future failures to abide by the court's orders.  Despite the clarity of this warning, the plaintiff has once again failed to abide by two of the court's orders.  Having exhausted several lesser sanctions without success and considered carefully the drastic nature of the sanction, the impact of these violations on the court's docket and the need for deterrence, and pursuant to Rules 16(f), 37(b), 37(d) and 41(b), the court's inherent powers and upon the reasons set forth and authorities cited, including *Gardner v. United States*, 211 F.3d 1305, 1308-09 (D.C. Cir. 2000), *cert. denied*, 531 U.S. 1114 (2001), during the hearing on June 23, 2008, the court dismisses this case.  An order consistent with the Memorandum Opinion is separately and contemporaneously issued this 23rd day of June, 2008.

    RICARDO M. URBINA
    United States District Judge